# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANTHONY CASILLAS,

    Plaintiff,

v.                                                   No. CV 17-1251 KG/CG

JARED WESTERFIELD, et al.,

    Defendants.

## ORDER DENYING MOTION FOR ASSISTANCE OF COUNSEL
## AND MOTION FOR EVIDENTIARY HEARING

**THIS MATTER** is before the Court on Plaintiff's *Motion for Assistance of Counsel*, (Doc. 7), and *Motion for Evidentiary Hearing*, (Doc. 8), both filed January 12, 2018. Having considered the motions, relevant law, and the record of this case, the Court will **DENY** Plaintiff's *Motion for Assistance of Counsel*, (Doc. 7), and **DENY WITHOUT PREJUDICE** Plaintiff's *Motion for Evidentiary Hearing*, (Doc. 8).

**Motion for Assistance of Counsel:** There is no right to appointment of counsel in a civil rights case. Instead, the decision to appoint counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and

capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny Plaintiff's *Motion for Assistance of Counsel*, (Doc. 7).

**Motion for Evidentiary Hearing:** Whenever a prisoner brings a civil action against prison officials, the Court is obligated to screen the prisoner's complaint. 28 U.S.C. § 1915A. Section 1915A states:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seems redress from a governmental entity or officer or employee of a governmental entity. . .On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>   (i)    is frivolous or malicious;
>   (ii)   fails to state a claim on which relief may be granted; or
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

Until the Court completes its obligation to screen the Complaint, a request for an evidentiary hearing is premature. Accordingly, the Court will deny without prejudice Plaintiff's *Motion for an Evidentiary Hearing*, (Doc. 8), as premature. Plaintiff may file a renewed request if the Complaint is not dismissed on initial screening.

**IT IS THEREFORE ORDERED** that the Plaintiff's *Motion for Assistance of Counsel*, (Doc. 7), is **DENIED**, and Plaintiff's *Motion for Evidentiary Hearing*, (Doc. 8), is **DENIED WITHOUT PREJUDICE**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE