IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY CASILLAS,

    Plaintiff,

vs.                                                      No. CV 17-01251 KG/CG

JARED WESTERFIELD, SGT. JUSTIN DELONG,
C/O DAVID MONTOYA, C/O ANTONIO PEREZ,
C/O JUAN SANDOVAL, C/O FREDERICK PICKERING,
SGT. DANNY EVANS, LT. ANTONIO CHAVARIA,
LT. MISTY GARLEY,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. §1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff, Anthony Casillas (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted, but will grant Plaintiff Casillas leave to file an amended complaint.

I. Factual and Procedural Background

Plaintiff, Anthony Casillas is a prisoner serving two life sentences for First Degree Murder at the Central New Mexico Correctional Facility. (Doc. 1 at 1; *State v. Casillas,* No. D-905-CR-2008-00661). Plaintiff Casillas is proceeding pro se and *in forma pauperis*. (Doc. 6). Plaintiff brings prisoner civil rights claims in this Court under 42 U.S.C. §1983 and 28 U.S.C. § 1343. (Doc. 1 at 1-3).

In his Prisoner Civil Rights Complaint, Casillas alleges that prison officials violated state law and prison procedures, "assaulted" him, and did not provide him with needed medical care.

1

(Doc. 1 at 3-5). Plaintiff Casillas names, as Defendants, Sgt. Jared Westerfield, Sgt. Justin Delong, C/O David Montoya, C/O Antonio Perez, C/O Juan Sandoval, C/O Frederick Pickering, Sgt. Danny Evans, Lt. Antonio Chavaria, and Lt. Misty Garley. (Doc. 1 at 1-2). Casillas claims:

> "Officers mentioned herein conducted themselves in an unappropriate (sic) manner, (I) Inmate Anthony Casillas #71798 was assaulted by all above, their behavior led to serious bodily harm, I was injured and required medical attention. Physically assaulted with closed first, kicked and choked . . . Rights were violated, laws were broke and policy procedure was not followed by these officers."

(Doc. 1 at 2). In his prayer for relief, Plaintiff Casillas requests:

> "Immediate transffer (sic) to another facility, disciplinary action to all staff involved, dismiss restitution for staff uniforms damaged during assault, compensation for physical injuries and mental anguish caused by these officers."

(Doc. 1 at 6). Plaintiff's Complaint does not specify a date or dates on which any of the events occurred, nor does it identify what officials, if any, were involved in the claimed failure to provide medical attention.

## II. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Casillas is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. Analysis of Plaintiff Casillas' Claims

A. Civil Rights Claims Under 42 U.S.C. § 1983

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S.

Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without

plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

    B. Failure to State a Claim on Which Relief can be Granted

        1. Defendants Montoya, Delong, Perez, Sandoval, Pickering, and Chavaria:

Plaintiff's Complaint lists C/O David Montoya, Sgt. Justin Delong, C/O Antonio Perez, C/O Juan Sandoval, C/O Frederick Pickering, and Lt. Antonio Chavaria as Defendants. (Doc. 1 at 2). The list identifying them as "Parties" is the only mention of Defendants Montoya, Delong, Perez, Sandoval, Pickering, or Chavira. Other than claiming that he was "assaulted by all above" (Doc. 1 at 2), the Complaint contains no allegations, whatsoever, of specific individual conduct by any of these Defendant officers.

Plaintiff's generalized statements that defendants assaulted him, without plausible supporting factual allegations, fails to state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Plaintiff does not make clear exactly *who* is alleged to have done *what to whom*, and the Complaint fails to provide each individual with fair notice as to the basis of the claim against him or her." *Id*. Plaintiff has not alleged some personal involvement by Defendants Montoya, Delong, Perez, Sandoval, Pickering, or Chavaria in any alleged constitutional violation and his Complaint fails to state a claim for relief under § 1983 against any of the named Defendants. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-80 (2009); *Fogarty v. Gallegos,* 523 F.3d at 1162.

        2. Defendant Jared Westerfield:

Plaintiff Casillas also names Sgt. Jared Westerfield as a Defendant. His allegations against Sgt. Westerfield state:

> "Was not following proper procedures, violated my rights as a prisoner
> by assaulting myself physically while being cooperative and in restraints,
> very unprofessional, caused severe bodily harm and outright broke state
> laws."

5

(Doc. 1 at 1). Although he claims he was assaulted while being cooperative, Casillas paradoxically alleges:

> "I asked several times to be escorted back to my housing unit to no prevail. Anger arose, which eventually led to myself physically assaulting Sgt. Jared Westerfield with my head."

(Doc. 1 at 4).

In his Complaint, Casillas appears to be trying to assert a claim of excessive force against Sgt. Westerfield. However, the allegations of the Complaint are insufficient to state an 8th Amendment excessive force claim. Whenever a prison official is accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain" in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Whitley v. Albers,* 475 U.S. 312, 320–321 (1985). See, also, *Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992). Plaintiff Casillas does not allege that Sgt. Westerfield's actions were malicious or sadistic, rather than an effort to restore discipline and, as such, the allegations fail to state an 8th Amendment claim for relief against Sgt. Westerfield. *Iqbal,* 556 U.S. at 677-80.

    3. Defendants Evans and Garley:

Plaintiff's Complaint also contends that, while escorting Plaintiff to "Medical," Sgt. Danny Evans told Plaintiff "it was far from over" . . . "watch mother ****** you're gonna get yours." (Doc. 1 at 3, 4). Casillas does not allege that Sgt. Evans participated in any physical attack on Plaintiff. Casillas, again, appears to be attempting to assert an 8th Amendment claim against Sgt. Evans. However, the 8th Amendment is violated only when the alleged deprivation is objectively, sufficiently serious, and the prison official acts with deliberate indifference to inmate health and safety. *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995). Casillas' allegations that Evans

made remarks to him do not rise to the level of a cognizable 8th Amendment constitutional violation that Sgt. Evans acted with deliberate indifference to Casillas' health and safety. *See Norton v. City of Marietta, Okla.*, 432 F.3d 1145 (10th Cir. 2005) (disparaging remarks made to plaintiff by police officer do not rise to the level of an 8th Amendment claim).

With respect to Defendant Garley, Plaintiff Casillas alleges:

"At one point, my pants were down to my ankles, I was purposely humiliated while female officer watched and laughed at their actions. Due to their actions I suffered. (Lt. Misty Garley)."

(Doc. 1 at 4). The allegations in the Complaint do not factually show that Lt. Garley, herself, participated in the claimed assault on Plaintiff, nor do they tend to show that Lt. Garley acted with any culpable intent to harm Casillas. *Whitley v. Albers,* 475 U.S. at 320–321. The fact that Lt. Garley was present and may have laughed is insufficient to state a § 1983 claim for relief. *Iqbal,* 556 U.S. at 676.

4. Lack of Medical Attention Claims:

Plaintiff Casillas includes a claim that he was not provided needed medical attention after he was assaulted. (Doc. 1 at 2, 5). In order to proceed on a claim of 8th Amendment deliberate indifference to medical needs, Plaintiff Casillas must plead facts tending to show that he had a serious medical need and that an identified individual official knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999). A cognizable Eighth Amendment violation requires a showing of deliberate refusal to provide medical attention. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Green v. Branson,* 108 F.3d 1296, 1304 (10th Cir.1997).

Plaintiff Casillas makes generalized statements that he was not provided needed medical attention. (Doc. 1 at 2, 5). However, Casillas does not identify any individual official that

7

deliberately refused to provide him medical care. *Callahan v. Poppell*, 471 F.3d at 1160. Plaintiff's Complaint does not state an 8th Amendment deliberate indifference claim on which relief can be granted. *Green v. Branson,* 108 F.3d at 1304.

## IV. The Court Will Grant Leave to Amend

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that Plaintiff Casillas should be granted leave to amend. In his amended complaint, Casillas may not rely on generalities or make collective allegations regarding "all officers" or "all defendants." *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Instead, Plaintiff Casillas must set out exactly what each defendant did, when they did it, and how that individual's actions violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. at 677-80.

If Plaintiff asserts 8th Amendment excessive force claims, it is insufficient for him to claim officers acted "unprofessionally" but must, instead, allege facts tending to show that officers acted maliciously with the intent to harm him. *Whitley v. Albers,* 475 U.S. at 320–321. For 8th Amendment medical claims, Casillas needs to show that identified individual officials refused to provide him needed care for a serious medical condition. *Callahan v. Poppell*, 471 F.3d at 1160. Plaintiff Casillas must file his amended complaint within 30 days of entry of this Memorandum

Opinion and Order. If he does not file an amended complaint within 30 days, then the Court may dismiss this proceeding, with prejudice and without further notice.

IT IS ORDERED:

(1) the Prisoner's Civil Rights Complaint filed by Plaintiff Anthony Casillas is DISMISSED for failure to state a claim on which relief can be granted; and

(2) Plaintiff Casillas is granted leave to file an amended complaint consistent with this opinion within 30 days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE