IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY CASILLAS,

    Plaintiff,

vs.                                             No. CV 17-01251 KG/CG

JARED WESTERFIELD, SGT. JUSTIN DELONG,
C/O DAVID MONTOYA, C/O ANTONIO PEREZ,
C/O JUAN SANDOVAL, C/O FREDERICK PICKERING,
SGT. DANNY EVANS, LT. ANTONIO CHAVARIA,
LT. MISTY GARLEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff, Anthony Casillas. (Doc. 1). The Court will dismiss the Complaint with prejudice for failure to state a claim on which relief can be granted.

Plaintiff, Anthony Casillas, filed his pro se Complaint alleging prisoner civil rights claims under 42 U.S.C. §1983 and 28 U.S.C. § 1343. (Doc. 1 at 1-3). Casillas alleges that prison officials violated state law and prison procedures, "assaulted" him, and did not provide him with needed medical care. (Doc. 1 at 3-5). On January 13, 2020, the Court entered a Memorandum Opinion and Order dismissing Plaintiff Casillas' claims under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. 12(b)(6). (Doc. 12). The Court also granted Plaintiff Casillas leave to file an amended complaint within 30 days after entry of the Memorandum Opinion and Order. (Doc. 12 at 8-9). The Court's Memorandum Opinion and Order notified Plaintiff

1

Casillas that, if he did not file a timely amendment to the Complaint, the Court would enter a final dismissal of the case. (Doc. 12 at 9). Plaintiff Casillas did not file an amended complaint, did not respond to the Court's Memorandum Opinion and Order, and has not otherwise communicated with the Court.

In its prior Memorandum Opinion and Order, the Court concluded that Plaintiff's generalized statements that defendants assaulted him, without plausible supporting factual allegations, fail to state any claim for relief against Defendants Montoya, Delong, Perez, Sandoval, Pickering, or Chavaria. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). Plaintiff does not "make clear exactly *who* is alleged to have done *what to whom*," and the Complaint fails "to provide each individual with fair notice as to the basis of the claim against him or her." *Id*. Plaintiff has not alleged some personal involvement by Defendants Montoya, Delong, Perez, Sandoval, Pickering, or Chavaria in any alleged constitutional violation and his Complaint fails to state a claim for relief under § 1983 against any of the named Defendants. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-80 (2009); *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). (Doc. 12 at 5).

Further, the Court determined that the allegations of the Complaint are insufficient to state an 8th Amendment excessive force claim or deliberate indifference claims against Defendants Westerfield, Garley, or Evans. (Doc. 12 at 5-6). Whenever a prison official is accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain" in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Whitley v. Albers,* 475 U.S. 312, 320–321 (1985). *See, also*, *Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992). Plaintiff Casillas does not allege that Sgt.

Westerfield's actions were malicious or sadistic, rather than an effort to restore discipline and, as such, the allegations fail to state an 8th Amendment claim for relief against Sgt. Westerfield. *Iqbal,* 556 U.S. at 677-80. (Doc. 12 at 5-6). Nor does the Complaint allege a sufficient 8th Amendment claim against Defendants Garley or Evans. (Doc. 12 at 6-7).

Finally, the Court also concluded that Plaintiff Casillas' generalized statements that he was deprived of needed medical attention do not rise to the level of a constitutional violation. (Doc. 12 at 7-8). Casillas does not identify any individual official that deliberately refused to provide him medical care. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). Further, the 8th Amendment is violated only when the alleged deprivation is objectively, sufficiently serious, and the prison official acts with deliberate indifference to inmate health and safety. *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995). Casillas' allegations that Evans made remarks to him do not rise to the level of a cognizable 8th Amendment constitutional violation that any Defendant acted with deliberate indifference to Casillas' health and safety. *See Norton v. City of Marietta, Okla.*, 432 F.3d 1145 (10th Cir. 2005). Plaintiff's Complaint does not state an 8th Amendment deliberate indifference claim on which relief can be granted. *Green v. Branson,* 108 F.3d 1296, 1304 (10th Cir. 1997). (Doc. 12 at 6-8).

When the Court dismisses a pro se complaint, the Court is to allow plaintiff an opportunity to amend the complaint to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991). Plaintiff Casillas was given the opportunity to amend his Complaint and has failed to do so within the time allowed by the Court. Therefore, the Court will now dismiss this case with prejudice for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6). *Hall v. Bellmon,* 935 F.2d at 1109-10.

IT IS ORDERED that the Prisoner's Civil Rights Complaint filed by Plaintiff, Anthony Casillas (Doc. 1) is DISMISSED with prejudice and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE